UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 15-cr-20042

v                                                  Honorable Thomas L. Ludington

FRED ANDREW BURLINGAME,

        Defendants.

_____/

## ORDER OVERRULING OBJECTION

On January 28, 2015 a one-count indictment was issued charging Defendant Fred Andrew Burlingame with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A first superseding indictment was issued on February 11, 2015, followed by a second superseding indictment on April 8, 2015 that charged Burlingame one additional count of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and one additional count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Burlingame pled guilty to the methamphetamine charge on June 9, 2016. *See* ECF No. 20. On September 22, 2015 he was sentenced to 188 months of imprisonment.

**I.**

On June 24, 2016 Burlingame filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. *See* Mot. to Vacate, ECF No. 35. Burlingame alleges that the government failed to hand over all exculpatory evidence, that the sentencing judge, Judge Ludington, had a conflict of interest in his criminal case, and that his counsel was ineffective. He also alleges that he was sentenced under a provision of the sentencing guidelines rendered unconstitutional by the

Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague)

On July 7, 2016 Defendant Burlingame filed a motion to supplement the record. *See* ECF No. 37. In his motion to supplement, Burlingame seeks to add a fifth count to his motion to vacate. Specifically, he seeks to add a count that the sentencing court committed reversible error by failing to consider certain mitigating factors and non-prison sentencing alternatives, such as in-house drug treatment. *Id*.

In a text-only order on July 26, 2016 the magistrate judge denied Burlingame leave to amend his Petition. In its entirety, the order states as follows:

> TEXT-ONLY ORDER denying 37 Motion to Supplement Record as to Fred Andrew Burlingame (1). Amendment/supplementation would be futile. Fed.R.Civ.P.15(a)(27). Petitioner raises only claims that certain mitigating sentencing factors should have been given more weight. Petitioner does not raise any claims that the sentence was not authorized by law or that there has been a denial or infringement of any constitutional rights so as to render the judgment vulnerable to collateral attack. 28 USC 2255(a). Signed by Magistrate Judge Patricia T. Morris. (KKra) (Entered: 07/26/2016)

*See* July 26, 2016 Order. On August 8, 2016 Burlingame filed a motion for reconsideration of that order, which will be construed as an objection. *See* ECF No. 44. Burlingame objects that his proposed amendment is inextricably intertwined with his original petition, and should be made a part of the record because it contains core mitigating factors.

**II.**

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous'

standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Burlingame's objection will be overruled. He has not demonstrated that the magistrate's order regarding the futility of his proposed amendment clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Burlingame has not shown that the claim he seeks to add could survive a motion to dismiss because he did not previously raise the challenge on appeal, and because his claim only goes to the sentencing court's weighing of the evidence.

"It is well settled that a defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). As a condition of entering into his guilty plea, Burlingame knowingly and voluntarily agreed to waive his right to appeal his sentence. *See* Plea Agreement p. 9, ECF No. 20; *See also* Sentencing Tr. 16 (reiterating to Burlingame the effect of the appeal waiver in his plea agreement, but nonetheless instructing him that any appeal would need to be filed within 14 days). Burlingame did not challenge the validity of the plea agreement on appeal. He also did not attempt to appeal his sentence.

"It is well settled that an argument not raised on direct appeal is waived. Such an argument can be raised for the first time on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice."

*Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Burlingame did not raise his proposed claim on appeal. Furthermore, the alleged error set forth in Burlingame's motion to supplement does not constitute "a fundamental defect which inherently results in a complete miscarriage of justice." *Jones,* F.3d at 796. Burlingame's argument that the sentencing judge did not properly consider his history of drug use, addiction, and depression is belied by the sentencing transcript. At the hearing, his attorney specifically argued that the drug charge grew out of Burlingame's own personal use, and argued that Burlingame's history of drug and mental health problems should be taken into account as mitigating factors. *See* Sentencing Tr. 4-8, ECF No. 46. In sentencing Burlingame, the Court considered the § 3553(a) factors and found that the seriousness of the offense, Burlingame's criminal history, and Burlingame's unpredictable behavior and lack of work history warranted a sentence of 188 months' imprisonment. Because Burlingame's proposed amendment would be futile, his objection is overruled.

### III.

Accordingly, it is **ORDERED** that Defendant Burlingame's objection to/motion for reconsideration of the magistrate judge's order denying motion to supplement record, ECF No. 44, is **OVERRULED** and **DENIED**.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: August 26, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 26, 2016.

                          s/Michael A. Sian
                          MICHAEL A. SIAN, Case Manager