UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 15-cr-20042

v                                          Honorable Thomas L. Ludington

FRED ANDREW BURLINGAME,

        Defendants.

_____/

## ORDER OVERRULING OBJECTION AND DENYING REQUEST TO RECUSE

On January 28, 2015 a one-count indictment was issued charging Defendant Fred Andrew Burlingame with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A first superseding indictment was issued on February 11, 2015, followed by a second superseding indictment on April 8, 2015 that charged Burlingame with one additional count of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and one additional count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Burlingame pled guilty to the methamphetamine charge on June 9, 2015. *See* ECF No. 20. On September 22, 2015 he was sentenced to 188 months of imprisonment.

**I.**

On June 24, 2016 Burlingame filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. *See* Mot. to Vacate, ECF No. 35. Burlingame alleges that the government failed to hand over all exculpatory evidence, that the sentencing judge, Judge Ludington, had a conflict of interest in his criminal case, and that his counsel was ineffective. He also alleges that he was sentenced under a provision of the sentencing guidelines rendered unconstitutional by the

Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague)

On July 7, 2016 Defendant Burlingame filed a motion to supplement the record. *See* ECF No. 37. That motion was denied by the magistrate judge by a text-only order dated July 26, 2016. Burlingame then filed an objection, which was overruled by this Court on August 26, 2016. *See* ECF No. 51.

On August 3, 2016 Burlingame filed a motion to compel, seeking to compel the Clerk of Court to assign his petition a civil docket number. *See* ECF No. 42. As part of that motion he also moved for me to recuse myself from the matter. Burlingame argued that I presided over a state criminal proceeding involving Burlingame in 2005, and that the state conviction now forms a predicate offense for Burlingame's career offender enhancement pursuant to U.S.S.G. § 4B1.1. Burlingame argues that as a result he intends to depose and call me as a witness in the present matter. He also alleges that I have a core conflict of interest because of his involvement with the underlying state court matter. On August 8, 2016 Burlingame filed a second motion to compel requesting his criminal docket sheet. *See* ECF No. 43.

On August 25, 2016 the magistrate judge issued an order denying Burlingame's first motion to compel and granting his second motion to compel. *See* ECF No. 50. As part of that order, she suggested that my recusal would be unnecessary. Burlingame timely objected to that determination. *See* ECF no. 52.

## II.

While normally the decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law, *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), "decisions with respect to disqualification should be made by the judge

sitting in the case, and not by another judge." *See United States v. Balistrieri,* 779 F.2d 1191, 1202-03 (7th Cir. 1985). For this reason, Burlingame's objection will be reviewed de novo.

A federal judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) provides that a federal judge should also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>> (ii) Is acting as a lawyer in the proceeding;
>>
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id*.

**A.**

A district court judge is not required to recuse himself from a case only because he presided over a prior case involving the same defendant. *See In re Brown*, 551 F. App'x 620, 622 (3d Cir. 2014) (citing *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 (5th Cir.1980)). Thus the fact that I presided over a criminal matter involving Defendant Burlingame over a decade ago does not by itself implicate my impartiality in the present matter. I have no independent memory of the state court proceeding, and have no personal knowledge regarding the facts of that proceeding.

Even so, "[k]nowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1)." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437 447-48 (2d Cir. 2005) (refusing disqualification of a magistrate judge who acquired personal knowledge of the disputed terms of a settlement agreement solely from his judicial duty to oversee the settlement conference). "[F]acts learned by a judge in his judicial capacity cannot be the basis for disqualification under § 455(b)(1)." *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976). "Were it otherwise, no judge could rule on post-trial motions claiming error in the conduct of the trial." *United States v. Widgery*, 778 F.2d 325, 328 (7th Cir. 1985). Burlingame's argument that I have a fundamental conflict of interest because I presided over a state court matter involving Burlingame is thus without merit.

**B.**

Burlingame also argues that I am a material witness in the present matter, and so required to recuse myself under § 455(b)(2). This argument is without merit. "Unsubstantiated speculation about the possibility that the judge will be required to be a material witness concerning a disputed issue is not enough to require recusal." *United States v. Salemme*, 164 F. Supp. 2d 49, 78 (D. Mass. 1998) (citation and quotation omitted); *see also See United States v.*

*Rivera,* 802 F.2d 593, 601 (2d Cir. 1986) (holding that an assertion that a judge will be a material witness does not automatically lead to disqualification). Recusal is only required where particularized facts demonstrate that a judge will likely testify as a material witness. *Adrian v. Mesirow Fin. Structured Settlements*, 588 F. Supp. 2d 216, 219 (D.P.R. 2008).

Burlingame has made no such showing. Aside from the fact that I have no independent memory of the relevant state court proceeding, questions regarding whether Burlingame's state court convictions constitute predicate offenses justifying a career offender enhancement pursuant to U.S.S.G. § 4B1.1 are primarily questions of law. A § 2255 motion is not a vehicle for relitigating prior state court offenses, and the question of whether the state court offense for which he was convicted constitutes a crime of violence justifying a career offender enhancement is, for the most part, confined to the existing record. Before those questions are even reached, however, there must be a determination as to whether Burlingame qualifies for relief under *Johnson* – a determination that may not require any factual discovery. Because Burlingame has not demonstrated that I will be a material witness in this case, his objection will be overruled.

Accordingly, it is **ORDERED** that Defendant Burlingame's objection to the magistrate judge's order, ECF No. 52, is **OVERRULED.**

It is further **ORDERED** that as to Burlingame's request for me to recuse myself from the present matter, ECF No. 42, his request is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 11, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 11, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager