UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 15-cr-20042

v                                              Honorable Thomas L. Ludington

FRED ANDREW BURLINGAME,

        Defendants.
_____/

## ORDER CONSTRUING AFFIDAVIT AS MOTION FOR RECONSIDERATION AND DENYING MOTION FOR RECONSIDERATION

On January 28, 2015 a one-count indictment was issued charging Defendant Fred Andrew Burlingame with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A first superseding indictment was issued on February 11, 2015, followed by a second superseding indictment on April 8, 2015 that charged Burlingame with one additional count of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and one additional count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Burlingame pled guilty to the methamphetamine charge on June 9, 2016. *See* ECF No. 20. On September 22, 2015 he was sentenced to 188 months of imprisonment.

**I.**

On June 24, 2016 Burlingame filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. *See* Mot. to Vacate, ECF No. 35. Burlingame alleges that the government failed to hand over all exculpatory evidence, that the sentencing judge, Judge Ludington, had a conflict of interest in his criminal case, and that his counsel was ineffective. He also alleges that he was

sentenced under a provision of the sentencing guidelines rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague).

On August 3, 2016 Burlingame filed a motion to compel, seeking in part for me to recuse myself from the matter. Burlingame argued that I presided over a state criminal proceeding involving Burlingame in 2005, and that the state conviction now forms a predicate offense for Burlingame's career offender enhancement pursuant to U.S.S.G. § 4B1.1. Burlingame argues that as a result he intends to depose and call me as a witness in the present matter. He also alleges that I have a core conflict of interest because of his involvement with the underlying state court matter.

On August 25, 2016 the magistrate judge issued an order denying Burlingame's motion to compel. *See* ECF No. 50. As part of that order, she suggested that my recusal would be unnecessary. Burlingame timely objected to that determination. *See* ECF No. 52. Because "decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge," *see United States v. Balistrieri,* 779 F.2d 1191, 1202-03 (7th Cir. 1985), I reviewed Burlingame's objection de novo. I ultimately determined that recusal was unnecessary under 28 U.S.C. § 455. Specifically, I found that the mere fact that I had presided over a state criminal matter involving Defendant Burlingame over a decade ago did not by itself implicate my impartiality or require my disqualification. *See United States v. Widgery*, 778 F.2d 325, 328 (7th Cir. 1985). I further found that Burlingame had not presented any particularized facts demonstrating that I would likely testify as a material witness. *See Adrian v. Mesirow Fin. Structured Settlements*, 588 F. Supp. 2d 216, 219 (D.P.R. 2008).

**II.**

- 3 -

On October 11, 2016, Burlingame filed an "affidavit" that again challenges my decision not to recuse myself. *See* ECF No. 62.  This affidavit will therefore be construed as a motion for reconsideration. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id*. at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id*. (quoting E.D. Mich. 7.1(h)(3)).

Burlingame's request for reconsideration does not point out any palpable defect in the Court's previous order.  Instead, it merely restates arguments already raised and rejected by this Court.  Thus, for the reasons already stated in the order overruling Burlingame's objections and denying his request to recuse, ECF No. 59, Burlingame's motion for reconsideration will be denied.

### III.

Accordingly, it is **ORDERED** that Defendant Burlingame's "Affidavit," ECF No. 62, is **CONSTRUED** as a motion for reconsideration**.**

It is further **ORDERED** that Burlingame's motion for reconsideration, ECF No. 62, is **DENIED**.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: October 25, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2016.

                               s/Michael A. Sian
                               MICHAEL A. SIAN, Case Manager