UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                               Plaintiff,                        Case No. 15-cr-20042

v                                                Honorable Thomas L. Ludington

FRED ANDREW BURLINGAME,

                               Defendants.

_____/

**ORDER CONSTRUING RULE 8(A) MOTION AS MOTION TO AMEND PETITION
AND DENYING MOTION TO AMEND AS FUTILE**

On January 28, 2015 a one-count indictment was issued charging Defendant Fred Andrew Burlingame with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A first superseding indictment was issued on February 11, 2015, followed by a second superseding indictment on April 8, 2015 that charged Burlingame with one additional count of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846,  and one additional count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Burlingame pled guilty to the methamphetamine charge on June 9, 2016. *See* ECF No. 20.  On September 22, 2015 he was sentenced to 188 months of imprisonment.

**I.**

On June 24, 2016 Burlingame filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255.  *See* Mot. to Vacate, ECF No. 35. Burlingame alleges that the government failed to hand over all exculpatory evidence, that the sentencing judge, Judge Ludington, had a conflict of interest in his criminal case, and that his counsel was ineffective.  He also alleges that he was

sentenced under a provision of the sentencing guidelines rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague). Burlingame's § 2255 petition remains pending.

On October 17, 2016 Burlingame filed a motion styled as a "Motion Under Fed. R. Crim P. Rule 8(a) re improper joinder." *See* ECF No. 61. Burlingame argues that the Court's finding that Burlingame was in possession of 33 boxes of Pseudoephedrine tablets with regard to the methamphetamine charge should not have been considered as a sentencing factor, but should have been submitted to a jury. *Id*. Because this motion challenges the imposition of Burlingame's sentence, it is in effect a second § 2255 motion. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999) ("courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255").

Normally, this Court does not have jurisdiction to review any second or successive § 2255 absent Sixth Circuit certification. *See* § 2255(h); *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). However, where a second habeas petition is filed before final adjudication of the initial petition, courts generally construe the second petition as a motion to amend the first petition. *See e.g., Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir. 2008) (when a pro se petitioner files a second § 2254 motion before the district court rules on the petitioner's first § 2254 motion, the second motion should be construed as a motion to amend the first); *Ching v. United States,* 298 F.3d 174, 177 (2d Cir. 2002) ("when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion"); *United States v. Williams,* 185 F. App'x. 917, 919 (11th

Cir. 2006) (holding the same); *United States v. Sellner*, 773 F.3d 927, (8th Cir.2014) (joining the circuits holding that when a pro se petitioner files a second § 2255 motion while the first § 2255 motion is still pending before the district court, the second motion should be construed as a motion to amend); *Motley v. Rapelje*, WL 4905610, at *1 (E. D. Mich. Oct. 13, 2011) ("If a pro se habeas corpus petition is filed while an earlier petition is still pending in the district court, the district court must construe the second petition as a motion to amend the first petition.").

## II.

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to amend a petition for writ of habeas corpus under § 2255. 28 U.S.C. § 2242 (stating that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Rule 15(a)(1) does not apply in this case because more than twenty-one days have passed since the Government responded to Burlingame's 2255 Petition. *See* Rule 15(a)(1); ECF No. 49. Because Burlingame has not obtained the Government's concurrence, leave of this Court is required before Burlingame is permitted to amend his petition. *See* Rule 15(a)(2).

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations and quotations omitted). Factors that courts should consider when determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…." *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479,

484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir. 1990).

**B.**

Burlingame's motion to amend is futile, and must be denied. As a condition of his plea agreement, Burlingame knowingly and voluntarily waived his right to appeal. *See United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) ("It is well settled that a defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement."); Plea Agreement, ECF No. 20; Sentencing Tr. 16 (reiterating to Burlingame the effect of the appeal waiver in his plea agreement, but nonetheless instructing him that any appeal would need to be filed within 14 days). Burlingame did not challenge the validity of the plea agreement on appeal. He also did not attempt to appeal his sentence.

"It is well settled that an argument not raised on direct appeal is waived. Such an argument can be raised for the first time on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Burlingame did not raise his proposed claim on appeal. Furthermore, the alleged error set forth in Burlingame's motion to supplement does not constitute "a fundamental defect which inherently results in a complete miscarriage of justice." *Jones,* F.3d at 796. As part of his plea agreement, Burlingame acknowledged that he "conducted 33 purchases of brand name or generic forms of pseudoephedrine hydrochloride, totaling 76.8 grams of pseudoephedrine hydrochloride, and also had four blocked purchases. BURLINGAME purchased the pseudoephedrine hydrochloride with intent to manufacture methamphetamine." *See* Plea Agreement p. 4. At his plea hearing, under penalty of perjury,

- 4 -

Burlingame testified that he had gone over the plea agreement with his attorney and understood the terms of the agreement. Plea Tr. P. 6.  Burlingame did not object when the Government stated on the record that he had conducted 33 purchases of pseudoephedrine hydrochloride.  Plea Tr. 12. Moreover, when questioned by the magistrate judge, Burlingame specifically testified – under penalty of perjury – that he had purchased and possessed pseudoephedrine hydrochloride with the intent to manufacture methamphetamine.  *Id*. at p. 23. Because Burlingame admitted to purchasing 33 packages of pseudoephedrine hydrochloride with the intent to manufacture methamphetamine there was no need to submit the question to a jury, and this Court did not err in considering the pseudoephedrine purchases at sentencing. Burlingame's motion to amend will therefore be denied as futile.

### III.

Accordingly, it is **ORDERED** that Burlingame's motion under Fed. R. Crim. P. Rule 8(a), ECF No. 61, is **CONSTRUED** as a motion to amend his motion to vacate.

It is further **ORDERED** that Burlingame's motion to amend, ECF No. 61, is **DENIED**.


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 31, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

- 5 -