UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Case No. 15-cr-20042

v                                          Honorable Thomas L. Ludington

FRED ANDREW BURLINGAME,

                Defendants.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION, DENYING CERTIFICATE OF APPEALIBILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

On January 28, 2015 a one-count indictment was issued charging Defendant Fred Andrew Burlingame with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A first superseding indictment was issued on February 11, 2015, followed by a second superseding indictment on April 8, 2015 that charged Burlingame with one additional count of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and one additional count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Burlingame pled guilty to the methamphetamine charge on June 9, 2016. *See* ECF No. 20. On September 22, 2015 he was sentenced to 188 months of imprisonment.

### I.

Since April of 2016, Burlingame has filed numerous motions requesting various forms of relief, including a request for Judge Ludington to recuse himself from these proceedings and a request for habeas relief pursuant to 28 U.S.C. § 2255. *See* ECF Nos. 35, 42, 52. On April 18, 2016 Burlingame filed a *pro se* motion for a reduction in his sentence based on retroactive

application of 28 U.S.C. § 994(u) pursuant to 28 U.S.C. § 3582. *See* ECF No. 33.  In this first motion for retroactive application, Burlingame argued that he should be resentenced under Amendment 782, which reduced the base offense level for certain drug quantities by two levels. *Id*.  On August 16, 2016 Burlingame filed a second motion for a reduction of his sentence pursuant to 28 U.S.C. § 3582. *See* ECF No. 48.  In this second motion, Burlingame sought the retroactive application of Amendment 794, which establishes a sentence reduction for a defendant who is found to have played a minor role in a conspiracy.

Both motions for retroactive application were denied by this Court in an order dated October 19, 2016.  *See* ECF No. 63.  On October 28, 2016 Burlingame filed a motion for reconsideration, arguing that the Court erred in failing to address each motion separately. *See* ECF No. 75.  For the reasons stated below, Burlingame's motion for reconsideration will be denied.

## II.

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id*. at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id*. (quoting E.D. Mich. 7.1(h)(3)).

Burlingame is correct that this Court's October 19, 2016 contained a palpable defect in that it did not consider each motion for retroactive application separately.  However, considering

the merits of each motion separately does not result in a different disposition of the case or entitle Burlingame to any relief.

## A.

Burlingame's initial motion for retroactive application will be discussed first. *See* ECF No. 33.   Under 28 U.S.C. § 3582, a court may modify a term of imprisonment when a defendant has been sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Specifically, §1B1.10 allows a court to reduce a term imprisonment when a guideline range applicable to that defendant has been lowered as a result of an amendment to the Guidelines Manual. § 1B1.10(a)(1).   In November of 2014, Amendment 782 effectively reduced by two levels the base offense levels for possession of certain drug quantities.

Burlingame was not indicted until January 28, 2015, and was not sentenced until September 17, 2015. *See* ECF Nos. 1, 28.  Amendment 782 was therefore in effect at the time of his sentencing, and governed his sentence. Because Burlingame already received the benefit of Amendment 782, his first motion for retroactive application will be denied. Because he is not entitled to resentencing, his "post-sentencing rehabilitation accomplishments" are irrelevant, and will not be considered. *See* ECF No. 40.

In addition to seeking relief pursuant to 28 U.S.C. § 3582 in his first motion for retroactive application Burlingame also argues that his sentence violated equal protection and was motivated by animus. These arguments are not related to any retroactive provisions of the sentencing guidelines, and thus fall outside the scope of § 3582. Because Burlingame has not raised the arguments using the proper vehicle they will be disregarded at this time.

## B.

Burlingame's second motion for retroactive application seeks a sentence reduction based on his alleged minor role in a conspiracy. As an initial matter, it is noted that Burlingame was neither charged with nor convicted of any conspiracy offense. The minor role reduction is therefore irrelevant to his sentence.

Furthermore, the minor role reduction does not apply retroactively to collateral attacks. In *United States v. Quintero-Leyva*, the Ninth Circuit held that Amendment 794 applied retroactively on direct appeal. 823 F.3d 519, 523 (9th Cir. 2016). The Sixth Circuit has subsequently adopted the reasoning and holding of *Quintero-Leyva*. *United States v. Carter*, No. 15-3618, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016). Amendment 794 has not, however, been held to be retroactive on collateral appeal. *See Aguas-Landaverde v. United States*, No. 2:15-CR-00183, 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016), report and recommendation adopted, No. 2:15-CR-00183(2), 2016 WL 6070480 (S.D. Ohio Oct. 17, 2016) (collecting cases); *United States v. Tapia*, No. 8:14-CR-30-T-23TBM, 2016 WL 4815150, at *1 (M.D. Fla. Sept. 14, 2016); *United States v. Perez-Carrillo*, No. 7:14CR00050, 2016 WL 4524246, at *1 (W.D. Va. Aug. 26, 2016); *Young v. United States*, No. 3:16-CV-3139, 2016 WL 4472937, at *2 (C.D. Ill. Aug. 24, 2016).

Petitioner Burlingame is not entitled to relief. A district court may resentence a defendant pursuant to a sentencing guideline amendment only if the Sentencing Commission has determined that the amendment is retroactive. *United States v. Horn*, 679 F.3d 397, 400 (6th Cir. 2012). Amendments that have been deemed retroactive are listed in U.S.S.G. 1B1.10(d), and Amendment 794 is not listed. *See Logan v. United States*, No. 5:12 CR 286, 2016 WL 5338060, at *5 (N.D. Ohio Sept. 23, 2016). Because Burlingame's second motion for retroactive application is not cognizable, his accompanying arguments regarding his drug habit, substance

abuse, and mental and emotional health are irrelevant. Burlingame's motion for reconsideration will be denied.

## III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability is not warranted in this case.  The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Petitioner's Burlingame's motion for reconsideration, ECF No. 75, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 16, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager