UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 15-cr-20042

v                                        Honorable Thomas L. Ludington

FRED ANDREW BURLINGAME,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On January 28, 2015 a one-count indictment was issued charging Defendant Fred Andrew Burlingame with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A first superseding indictment was issued on February 11, 2015, followed by a second superseding indictment on April 8, 2015 that charged Burlingame with one additional count of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and one additional count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Burlingame pled guilty to the methamphetamine charge on June 9, 2015. *See* ECF No. 20. On September 22, 2015 he was sentenced to 188 months of imprisonment.

**I.**

On June 24, 2016 Burlingame filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. *See* Mot. to Vacate, ECF No. 35. Burlingame alleges that the government failed to hand over all exculpatory evidence, that the sentencing judge, Judge Ludington, had a conflict of interest in his criminal case, and that his counsel was ineffective. He also alleges that he was sentenced under a provision of the sentencing guidelines rendered unconstitutional by the

Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague). Burlingame's § 2255 petition remains pending.

On October 17, 2016 Burlingame filed a motion styled as a "Motion Under Fed. R. Crim P. Rule 8(a) re improper joinder." *See* ECF No. 61. Burlingame argued that the Court's finding that he was in possession of 33 boxes of Pseudoephedrine tablets with regard to the methamphetamine charge should not have been considered as a sentencing factor, but should have been submitted to a jury. *Id.* Because the motion challenged the imposition of Burlingame's sentence, it was construed as a motion to amend his pending § 2255 petition. Noting that Burlingame had admitted to possessing the 33 boxes of Pseudoephedrine tablets through his plea agreement and again on the record when he entered his guilty plea, the Court concluded that questions regarding possession of the tablets did not need to be submitted to a jury. The Court therefore denied Burlingame's motion to amend as futile.

Burlingame now moves for reconsideration of that order. *See* ECF No. 81. Through his motion, it is apparent that Burlingame misunderstands the scope of the order denying his motion to amend, which only addressed his proposed claim related to the 33 boxes of Pseudoephedrine tablets. That order did not address the claims raised in his original § 2255 motion as filed on June 24, 2016. *See* ECF No. 35. Therefore, Burlingame's claims that his trial counsel was ineffective, that the Government failed to hand over exculpatory evidence, and that he is entitled to relief under *Johnson* have not yet been ruled on.

Burlingame does not object to the Court's characterization of his motion as a motion to amend, but argues that the Court erred in rejecting his claim that the possession of Pseudoephedrine tablets should have been submitted to a jury. A motion for reconsideration will

be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id*. at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id*. (quoting E.D. Mich. 7.1(h)(3)).

Burlingame's request for reconsideration does not point out any palpable defect in the Court's previous order. Instead, it merely restates arguments already raised and rejected by this Court. Therefore, for the reasons already stated in the order construing Burlingame's 8(a) motion as a motion to amend, ECF No. 73, Burlingame's motion for reconsideration will be denied.

**II.**

Accordingly, it is **ORDERED** that Burlingame's motion for reconsideration, ECF No. 81, is **DENIED**.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: November 18, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 18, 2016.

                                   s/Michael A. Sian
                                   MICHAEL A. SIAN, Case Manager