UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 15-cr-20042

v                                                Honorable Thomas L. Ludington

FRED ANDREW BURLINGAME,

        Defendants.
_____/

## ORDER DENYING MOTION TO INVOKE DISCOVERY RULE

On January 28, 2015 a one-count indictment was issued charging Petitioner Fred Andrew Burlingame with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A first superseding indictment was issued on February 11, 2015, followed by a second superseding indictment on April 8, 2015 that charged Burlingame with one additional count of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and one additional count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Burlingame pled guilty to the methamphetamine charge on June 9, 2015. *See* ECF No. 20. On September 17, 2015 he was sentenced to 188 months of imprisonment.

On June 24, 2016 Burlingame filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. *See* Mot. to Vacate, ECF No. 35. Burlingame alleges that the government failed to hand over all exculpatory evidence, that the sentencing judge, Judge Ludington, had a conflict of interest in his criminal case, and that his counsel was ineffective. He also alleges that he was sentenced under a provision of the sentencing guidelines rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the

residual clause of the Armed Career Criminal Act as unconstitutionally vague). Burlingame's § 2255 petition remains pending.

Since filing his § 2255 petition, Burlingame has filed a variety of requests and motions that have all been denied by this Court. His subsequent motions for reconsideration have also been denied. On January 23, 2017 Burlingame filed a motion to invoke § 2255 rule 6 discovery rule. Burlingame requests a variety of documents regarding 33 tablets of Pseudoephedrine, documents regarding his predicate offenses under *Shepard v. United States,* 544 U.S. 13 (2005), Judge Ludington's purported conflict of interest, and the Assistant United States Attorney's legal status. A similar request was already denied by the magistrate judge as over-broad and unwarranted. *See* ECF Nos. 57, 87. Moreover, Judge Ludington has already determined that he does not have a conflict of interest requiring his recusal in this matter, and Burlingame's arguments regarding the 33 Pseudoephedrine Tablets have been repeatedly rejected. *See* ECF Nos. 59, 73, 84. Through his motion Burlingame seeks not relitigate not only his federal conviction, but also relitigate state court convictions he incurred over a decade ago. Because Burlingame has not shown good cause for discovery – at least not at this stage of the proceedings – his motion will be denied.

Petitioner Burlingame also appears to raise new arguments in support of his § 2255 petition. Burlingame has already had numerous opportunities to brief his pending motion to vacate. If Burlingame wishes to amend or supplement his motion to vacate, he must file a clear and concise motion to amend or supplement that does not meander into arguments already raised and rejected by this Court.

**II.**

- 3 -

Accordingly, it is **ORDERED** that Burlingame's motion to invoke Rule 6 discovery, ECF No. 94, is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 7, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 7, 2017.

s/Kelly Winslow for  
MICHAEL A. SIAN, Case Manager

---