UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRED ANDREW BURLINGAME,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO: 1:15-cr-20042
CIVIL CASE NO: 1:16-12483
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
and MOTION IN LIGHT OF NEWLY RETROACTIVE SUPREME COURT CASE
DEAN V. UNITED STATES**
(Docs. 35, 96)

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motions (35, 96) be **DENIED.**

## II.  REPORT

### A.  Introduction

On January 28, 2015, Petitioner was charged in an indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)(Count 1)(Doc. 1). On February 11, 2015, a First Superseding Indictment was filed which added a Count 2, manufacture and attempt to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 846. (Doc. 11.) The superseding indictment also notified Defendant that the government intended to seek forfeiture of all the proceeds of the alleged violations purusant to Fed. R. Crim. P. 32.2(a) and 18 U.S.C. § 924(d)(1). (Doc. 11.) A Second Superseding Indictment was filed on April 8, 2015,

adding a third count of possession of an unregistered firearm in violation of 26 U.S.C. §5845(a) and (f). (Doc. 15.) Petitioner was detained pending trial. (Doc. 10.)

On June 9, 2015, Petitioner pleaded guilty to Count 2 of the Second Superseding Indictment pursuant to a Rule 11 plea agreement. (Doc. 20.) On September 17, 2015, a sentencing hearing was held and on September 22, judgment entered committing Petitioner to the Bureau of Prisons for 188 months. (Doc. 28 at 2.) On October 21, 2015, an amended judgment was entered amending the special conditions of supervision but retaining the 188 month sentence as designated in the original judgment. (Doc. 28.) Petitioner did not file a direct appeal of his conviction or sentence. Petitioner has also filed many other motions that do not bear on the instant pending motions.

On June 24, 2016, Petitioner filed the instant motion to vacate sentence. (Doc. 35.) A response has been filed (Doc. 49,) and Petitioner replied. (Doc. 58.) On May 17, 2017, the Sixth Circuit denied Petitioner's appeal of an order denying his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 98.)

In the meantime, Petitioner filed the instant motion in light of newly retroactive Supreme Court case Dean v United States, citing 18 U.S.C. § 3582. (Doc. 96.) Both pending motions were referred to the undersigned and are ready for resolution.

  **B.** **Law and Analysis - Motion to Vacate (Doc. 35)**

    *1.*  *Legal Standards*

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally

outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims of ineffective assistance of counsel are governed by the Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 489 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 694. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and

3

prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364,(1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Id.* at 369 (citations omitted).

### 2. Analysis

Petitioner's motion to vacate sentence first argues that the "court + Government/Respondents committed reversible discovery error Rule 16 by intentionally failing to hand over all core exculpatory + impeachment material evidence..." and that his lawyer was ineffective in assisting him as to these issues. (Doc. 35 at ID 154.) The Government notes that it provided 7 CDs/DVDs and 185 pages of discovery to the defense 18 days after Petitioner's arraignment, an additional 30 pages seven days after arraignment on the first superseding indictment. and an additional 36 pages six days after the second superseding indictment. (Doc. 49 at ID 252-53.) Petitioner does not point to any type of evidence that he believes was missing from missing from the evidence provided by the government and the only evidence shows that a large amount of discovery was provided. Accordingly, counsel was not ineffective and this issue lacks merit.

4

Petitioner next argues that the "court committed reversible Johnson sentencing error by unconstitutionally enhancing Burlingame's offense level, under State of Michigan statute that is unconstitutionally vague concerning assault, assault and battery, felonious assault with dangerous weapon, denies fair notice, due process and is ambiguous..." and that his lawyer was ineffective in assisting him on this issue. (Doc. 35 at ID 155.)

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *accord*, *In Re Watkins*, 810 F.3d 375, (6th Cir. 2015).

The Sixth Circuit held that since the United States Sentencing Guidelines (USSG) § 4B1.2 also contains a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). However, the United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (Mar. 6, 2017), abrogated *Pawlak* and held that the sentencing guidelines are not subject to a void-for-vagueness challenge. Therefore, the residual clause of the career offender sentencing guidelines remains viable and any claims challenging the guideline must fail.

Here, Petitioner's sentence was not enhanced under the ACCA nor was he sentenced as a career offender under the guidelines. Therefore, counsel was not ineffective for failing to raise an issue that does not implicate Petitioner.

In his third ground, Petitioner contends that the district judge had a "conflict of interest" based on the fact that the judge "was presiding judge concerning Burlingame's state case" which was used to enhance his current sentence and that his lawyer was ineffective in assisting him on this topic. (Doc. 35 at ID 156-57.)

28 U.S.C. § 455, provides, in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a),(b)(1).

The Sixth Circuit has explicitly determined that disqualification must be predicated upon *extrajudicial* conduct rather than judicial conduct, and that allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355-1356 (6th Cir.1988). Similarly, in *Liteky v. United States*, 510 U.S. 540, 114 S. Ct. 1147, 127 L. Ed.2d 474 (1994), the United States Supreme Court held that:

> [f]irst, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required...when no extrajudicial source is involved....Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.

*Id.* at 555, 114 S. Ct. 1147 (citations omitted). The Sixth Circuit clarified the meaning of "personal" bias in *Parker v. Sill*, 989 F.2d 500, 1993 WL 87432, at *2 (6th Cir. 1993), as bias that "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *See also United States v. Hatchett*, 978 F.2d 1259, 1992 WL 296865, at *3 (6th Cir. 1992)(personal bias is prejudice other than participation in the proceedings or prior contact with related cases).

Since Petitioner has not alleged any extrajudicial source for any bias, counsel was not ineffective in failing to raise the issue.

Petitioner also argues, as his fourth ground, that counsel was ineffective for "failing to properly and timely investigate Burlingame's instant criminal case + his prior state convictions specifically issues presented in Grounds one, two + three supra." (Doc. 35 at ID 158.) Since this ground merely reiterates his previous three grounds, it need not be addressed separately.

For all the reasons stated above, Petitioner's motion to vacate sentence (Doc. 35) should be denied.

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the

petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D. Motion in light of newly retroactive Supreme Court case Dean v United States (Doc. 96)

Petitioner cites 18 U.S.C. § 3582 in support of his motion. (Doc. 96.) To the extent that he relies on that statute, his motion should be denied based on the Sixth Circuit's holding that Petitioner was not entitled to any relief on his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 98.)

In *Dean v. United States*, 137 S. Ct. 1170 (2017), the United States Supreme Court held that nothing in the statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent or drug trafficking crime (18 U.S.C. § 924(c)) restricts the authority of sentencing judges to consider a sentence imposed under the mandatory minimum statute when calculating a fair sentence for the predicate count.

8

Although Petitioner was provided notice of the government's intent to forfeit property used in connection with the charged offenses under 18 U.S.C. § 924(d)(1)(Doc. 11,) his sentence was not enhanced under § 924(c) and he was not subject to any statutory mandatory minimum sentence (Docs. 16, 20); therefore, this recent case provides him with no grounds for relief. Accordingly, I recommend that this motion be denied.

### E.  Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate (Doc. 35), and deny his motion in light of newly retroactive Supreme Court case *Dean v. United States.* (Doc. 96.)

### III.  **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 25, 2017                                        S/ PATRICIA T. MORRIS
                                                           Patricia T. Morris
                                                           United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Fred Andrew Burlingame #50770039 at Hazelton U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 5000, Bruceton Mills, WV 26525.

Date: May 25, 2017                                         By s/Kristen Castaneda
                                                           Case Manager