UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff - Respondent,        Case No. 15-cr-20042

v        Honorable Thomas L. Ludington

FRED ANDREW BURLINGAME,

        Defendant - Petitioner.
_____/

**ORDER OVERRULING OBJECTIONS,
ADOPTING THE REPORT AND RECOMMENDATION,
DENYING PETITIONER'S MOTION TO VACATE SENTENCE, DENYING MOTION
TO CONSIDER CASE LAW, DENYING CERTIFICATE OF APPEALABILTIY,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On January 28, 2015 a one-count indictment was issued charging Petitioner Fred Andrew Burlingame with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A first superseding indictment was issued on February 11, 2015, followed by a second superseding indictment on April 8, 2015 that charged Burlingame with one additional count of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846,  and one additional count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Burlingame pled guilty to the methamphetamine charge on June 9, 2016. *See* ECF No. 20.  On September 22, 2015 he was sentenced to 188 months of imprisonment.

On June 24, 2016 Burlingame filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255.  *See* Mot. to Vacate, ECF No. 35. Burlingame alleges that the government failed to hand over all exculpatory evidence, that the sentencing judge, Judge Ludington, had a conflict of interest in his criminal case, and that his counsel was ineffective.  He also alleges that he was

sentenced under a provision of the sentencing guidelines rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague).

On May 25, 2017, Magistrate Judge Patricia T. Morris issued a report, recommending that Burlingame's motion to vacate be denied and his motion to consider case law be denied. *See* ECF No. 100. The report states that the parties to this action could object to and seek review of the recommendation within fourteen days of service. On June 5, 2017, Burlingame filed a motion to extend the time to file objections to that report. His motion was granted, and he was given until June 30, 2017 to file objections. *See* ECF No. 103. Burlingame did not timely file any objections by that date, but did file objections a week later. *See* ECF No. 104.

I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Burlingame now brings 22 purported objections to the magistrate judge's report and recommendations. Putting aside the fact that the objections are untimely, the objections are

without merit. Through the objections Burlingame broadly raises arguments regarding his possession of pseudoephedrine hydrochloride tablets (which he admitted to possessing in his plea agreement and under penalty of perjury at the time of sentencing), and the Court's purported conflict of interest. These arguments have already been addressed and rejected by this Court repeatedly. *See* ECF No. 95. The judicial bias argument has also been rejected by the Sixth Circuit Court of Appeals. *See* ECF No. 98.

### A.

Through various objections, Burlingame first argues that the indictment was improperly issued because the Assistant United States Attorney (AUSA) was not born in the United States. He therefore argues that he was effectively charged and convicted by a foreign government. Not only was this argument not raised in Burlingame's original § 2255, petition, but it is entirely without merit. During the course of the proceeding, AUSA Pope was acting in her official capacity as AUSA for the United States of America, within the scope of her authority and her official duties. Burlingame's objections related to her participation will therefore be rejected.

### B.

Another theme of Burlingame's objections is that his rights were violated by the Government's failure to hand over exculpatory evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). A claim under *Brady* requires a showing that material evidence favorable to the petitioner was suppressed by the prosecution, either willfully or inadvertently, resulting in prejudice. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "[E]vidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

His § 2255 petition does not clearly articulate what if any specific exculpatory evidence he believes was suppressed by the state. In his objections, he clarifies that he is referring to the speculative existence of video tapes showing that he did not purchase 33 boxes of pseudoephedrine tablets and that a third party must have stolen his identity. This is not a plausible claim regarding the existence of exculpatory evidence. As part of his plea agreement Burlingame acknowledged that he purchased 33 boxes of pseudoephedrine hydrochloride, and, at his plea hearing, testified under penalty of perjury that he had purchased and possessed the pseudoephedrine hydrochloride with the intent to manufacture methamphetamine. *See* Plea Agreement p. 4; Plea Tr. 6, 12, 23. *See also* ECF No. 73. Burlingame therefore cannot show the existence of any exculpatory evidence possessed by the prosecution, much less any resulting prejudice.

### C.

Burlingame next argues that the magistrate judge erred in finding that he has not established ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, a petitioner claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defendant. *Id*.

To the extent his ineffective assistance of counsel argument rests on the his attorney's failure to challenge the Assistant U.S. Attorney's naturalization status, the findings related to his possession of pseudoephedrine hydrochloride tablets, or the Court's purported bias, Burlingame's objections are without merit, as he cannot show that the failure to raise such challenges fell below an objective standard of reasonableness.

His argument that his attorney was deficient for failing to file a notice of appeal is also without merit, and has already been rejected by this Court. *See* ECF No. 73. While it is true that a petitioner can claim that counsel was constitutionally ineffective for failing to file a notice of appeal, the defendant must still satisfy his burden of showing prejudice. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). To do so, a Petitioner must show that counsel's allegedly deficient performance "actually cause[d] the forfeiture of the defendant's appeal." *Id.* at 484. This Petitioner cannot do. As part of his plea agreement, Burlingame knowingly and voluntarily waived the right to appeal any sentence below 235 months. *See* ECF No. 20. Because Burlingame was sentenced to 188 months' imprisonment the appeal waiver would have been implicated by any appeal. "It is well settled that a defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). Because Petitioner voluntarily waived his right to appeal his 188-month sentence, he cannot show that his counsel caused the forfeiture of his appeal. This objection will therefore be overruled.

**D.**

Burlingame next objects that the magistrate judge erred in finding that he did not state a claim under the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551, 2562, 192 L. Ed. 2d 569 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague in violation of the due process clause of the Fifth Amendment). As pointed out by the magistrate judge however, Burlingame was not sentenced under the Armed Career Criminal Act. *See* Plea Agreement, ECF No. 20. Nor was his sentence enhanced pursuant

to the career offender provisions of the United States Sentencing Guidelines.[1] *Id*. The holding in *Johnson* is therefore inapplicable to Burlingame's sentence.

Burlingame also objects that the magistrate judge erred in rejecting his argument based on the Supreme Court's decision in *Mathis v. United States,* 136 S. Ct. 2243, 2251, 195 L. Ed. 2d 604 (2016) (holding that, for the purpose of determining whether an offense qualifies as a predicate under the Armed Career Criminal Act, the court takes a categorical approach, looking to the statutory elements of the offense rather the particular means of commission). However, because Burlingame was not sentenced under the Armed Career Criminal Act or designated as a career offender under the sentencing guidelines, the magistrate judge properly found *Mathis* inapplicable.

**E.**

Finally, Burlingame argues that the magistrate judge erred in finding the Supreme Court's decision in *Dean v. United States* inapplicable to his conviction and sentence. 137 S.Ct. 1170 (2007) (holding that the statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent or drug trafficking crime (18 U.S.C. § 924(c)) does not restrict the authority of sentencing judges to consider a sentence imposed under the mandatory minimum statute when calculating a fair sentence for the predicate count). As pointed out by the magistrate judge, Burlingame's sentence was not enhanced under § 924(c) and he was not subject to any mandatory minimum sentence. *Dean* is therefore inapplicable to his conviction and sentence.

---

[1] Even if Burlingame had been sentenced as a career offender under the sentencing guidelines, his *Johnson* claim would be without merit. On March 6, 2017 the Supreme Court reached a decision in *Beckles*, holding that the sentencing guidelines are not subject to void for vagueness challenges under the Fifth Amendment Due Process clause. *See Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017). In other words, the Supreme Court definitively held that petitioners challenging their career offender status under the sentencing guidelines could not rely on the rule articulated in *Johnson*.

## II.

The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that Burlingame's objections, ECF No. 104, are **OVERRULED.**

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 100, is **ADOPTED**.

It is further **ORDERED** that Petitioner Burlingame's motion to vacate his sentence, ECF No. 35, is **DENIED.**

It is further **ORDERED** that Petitioner Burlingame's motion in light of newly retroactive Supreme Court case, ECF No. 96, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: July 14, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2017.

        s/Kelly Winslow
        KELLY WINSLOW, Case Manager