UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

v.

FRED ANDREW BURLINGAME,

         Defendant.
_____/

Case No. 1:15-cr-20042
Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

On April 8, 2015, Defendant Fred Andrew Burlingame was indicted by a grand jury on one count each of felon in possession of a firearm, manufacture of methamphetamine and attempt to manufacture methamphetamine, and possession of unregistered firearms. ECF No. 15. Defendant pled guilty to one count of manufacture of methamphetamine and attempt to manufacture methamphetamine and was sentenced to 188 months incarceration and three years of supervised release. ECF Nos. 20, 28.

On July 8, 2021, Defendant filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582—a form of relief often referred to as "compassionate release." ECF No. 114. Defendant cites his "good behavior" and "institutional progress/programing [sic]." *Id.* at PageID.608. Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a

> reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (6th Cir. Nov. 20, 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. Failure to comply with 18 U.S.C. § 3582's exhaustion requirement forecloses compassionate release. *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).

Defendant's Motion does not include proof of any attempt to exhaust his administrative remedies with the BOP. *See* ECF No. 114. As a result, Defendant's Motion will be denied without

- 3 -

prejudice. Defendant may file another motion for compassionate release, but he must include evidence that he requested compassionate release from the BOP and that such request was denied or at least 30 days have passed.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 114, is **DENIED WITHOUT PREJUDICE**.

Dated: August 12, 2021            <u>s/Thomas L. Ludington</u>
                                  THOMAS L. LUDINGTON
                                  United States District Judge