UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:15-cr-20042

v.                                            Honorable Thomas L. Ludington
                                                 United States District Judge

FRED ANDREW BURLINGAME,

                                                 Honorable Patricia T. Morris
        Defendant.                 United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

This matter is before this Court upon Defendant Fred Andrew Burlingame's motion for compassionate release. ECF No. 118. For the reasons stated hereafter, Defendant's motion will be denied without prejudice.

**I.**

In April 2015, a grand jury indicted Defendant for one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); one count of manufacture of methamphetamine and attempt to manufacture methamphetamine in violation of 21 U.S.C. § 841(a), 841(b)(1)(C), and 846; and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). ECF No. 15. Defendant pleaded guilty to the second count and was sentenced to 188 months' imprisonment and three years' supervised release. ECF No. 29. After filing 26 motions and three notices of appeal, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in June 2021, which was denied without prejudice for lack of exhaustion in August 2021. *See* ECF Nos. 114; 117.

In September 2021, Defendant filed a second motion for compassionate release, arguing that his "medical conditions, rehabilitation, and the advisory nature of the guide line" constitute "extraordinary and compelling reasons" for a sentence reduction. *See* ECF No. 118 at PageID.633. Defendant's motion has been fully briefed. *See* ECF Nos. 119; 123.

As explained below, Defendant's motion for compassionate release will be denied because he has demonstrated neither (1) an extraordinary and compelling reason for release nor (2) that the factors set forth in 18 U.S.C. § 3553 warrant release.

## II.

Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)—a form of relief commonly referred to as "compassionate release." A motion for relief under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

#### A.

The first issue is whether, before filing his motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant has demonstrated that he requested compassionate release from Warden R. M. Wolfe on August 7, 2021. *See* ECF No. 118 at PageID.635. Further, the BOP denied his request in writing on September 10, 2021. *Id.* at PageID.636. Accordingly, Defendant has exhausted his administrative remedies with the BOP. *See* 18 U.S.C. § 3582(c)(1)(A).

#### B.

The next issue is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several reasons that qualify as "extraordinary and compelling." *See* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sent'g Comm'n 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as

part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release." *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *United States v. Hunter*, No. 21-1275, 2021 WL 3855665, at *4 (6th Cir. Aug. 30, 2021) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005)). Recently, the Sixth Circuit endorsed a textual analysis through which courts must look to the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting Webster's Third International Dictionary: Unabridged 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances three reasons for compassionate release: (1) his medical conditions, (2) his rehabilitation, and (3) the advisory nature of the guidelines. Whether considered independently or in combination, those reasons are neither extraordinary nor compelling.

i.

Elaborating on his medical conditions, Defendant mentions that he "spent 5 days in the hospital recovering" from pneumonia. ECF No. 123 at PageID.779. He also indicates that he has taken "the first of 2 covid 19 moderna vaccine shots." *Id.*

Beyond that, as the Government points out, Defendant "does not state what medical conditions amount to 'extraordinary and compelling reasons' for release or what medical conditions would expose him to a higher risk of severe illness from COVID-19." ECF No. 119 at PageID.645. Yet this Court combed through Defendant's medical records and found that he has been diagnosed with minor gastrointestinal disorders, which BOP Health Services states are "controlled with meds." ECF No. 121 at PageID.657, 663 (filed under seal). He did have COVID-19 but recovered over nine months ago. *Id.* at PageID.743 (filed under seal).

This Court finds that Defendant's GERD is not extraordinary or compelling. Gastrointestinal reflux is common and, therefore, not extraordinary. *See generally* Hashem B. El-Serag et al., *Update on the Epidemiology of Gastro-oesophageal Reflux Disease: A Systematic Review*, GUT, June 2014. Further, the BOP has prescribed Defendant with Famotidine, which is "significantly associated with reduced risk for the composite outcome of death or intubation" from COVID-19. *See* ECF No. 121 at PageID.666; Daniel E. Freedberg et al., *Famotidine Use Is Associated with Improved Clinical Outcomes in Hospitalized COVID-19 Patients: A Propensity Score Matched Retrospective Cohort Study*, 159 GASTROENTEROLOGY 1129, 1129 (2020). This Court was aware of Defendant's diagnoses for acid reflux, a hiatal hernia, and ulcers during his sentencing. PSR ¶ 54. Any fact that existed at Defendant's sentencing cannot be an "extraordinary and compelling" reason for a sentence reduction. *See United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021) (citing *United States v. Hunter*, 12 F.4th 555, 571 (6th Cir. 2021)).

For those reasons, Defendant's medical conditions are not extraordinary or compelling.

**ii.**

Regarding his rehabilitation, Defendant states that he has "come along way." ECF No. 123. Defendant elaborates that he "got of to a rough start and caught a couple minor incident reports in the beginning, but since, [has] got down and really put [his] head & heart into studying, taking classes and streaghtning [his] life out." *Id.* He also claims that he has "been clean an sober for all [his] time in the BOP even though drugs are everywhere you turn in here." *Id.*

In July 2021, this Court and the BOP denied Defendant's motion for compassionate release despite his proclaimed rehabilitation. *See* ECF Nos. 114; 117. This Court commends Defendant's efforts to rehabilitate, study, and think introspectively about his past and future choices. Indeed, "the unexamined life is not worth living." PLATO, THE APOLOGY OF SOCRATES (C. 399 B.C.E.), *reprinted in* 1 PHILOSOPHIC CLASSICS: ANCIENT PHILOSOPHY 88, 102 (Forrest E. Baird & Walter Kaufmann eds., Prentice Hall 4th 2003) (1961). But Congress has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t); *see also United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (citing 28 U.S.C. § 994(t)); *United States v. Hatcher*, No. 01-80361, 2021 WL 1056841, at *3 (E.D. Mich. Mar. 19, 2021) ("The court . . . is precluded from granting compassionate release based upon rehabilitation alone."), *appeal dismissed*, No. 21-1421, 2021 WL 3234549 (6th Cir. July 1, 2021) (E.D. Mich. Mar. 19, 2021).

Moreover, without minimizing his accomplishments, Defendant has not shown that his rehabilitation is "compelling" enough to justify a reduction. He has served merely 42% of his 188-month sentence, presents a medium risk of recidivism, and has several disciplinary actions for not following orders and refusing work assignments. And his early release date of June 29, 2028, accounts for his good conduct, as his sentence would otherwise end on September 24, 2030.

Further, he has not stated in detail what he has done to rehabilitate himself other than following the BOP's rules.

Plus, the danger that Defendant poses outweighs his rehabilitation efforts. Although he pleaded to less, his initial charge was for significantly dangerous conduct: possessing pipe bombs and maintaining a *Breaking Bad*-esque methamphetamine laboratory in an RV in which his girlfriend and her minor daughter lived. ECF No. 15; PSR ¶¶ 15–16. And he has a substantial criminal history that includes convictions for larceny, possessing controlled substances, and obstructing, resisting, and assaulting officers of the law. PSR ¶¶ 35–43. Indeed, by any measure of § 1B1.13(2), he would be considered dangerous to some extent.

For those reasons, Defendant's rehabilitation is not extraordinary or compelling.

### iii.

Defendant also claims that the Guidelines' advisory nature are "extraordinary and compelling" reasons to cut over six years from his sentence. *See* ECF No. 118. at PageID.633.

The advisory nature of the Guidelines is neither extraordinary nor compelling. *See United States v. Kayarath*, No. 21-3123, 2021 WL 4860962, at *3–4 (10th Cir. Oct. 19, 2021). Indeed, the Guidelines' advisory nature is a generally applicable truth. Moreover, this Court was aware of the Guidelines' advisory nature during Defendant's sentencing. *United States v. Montgomery*, No. 1:04-CR-20046-6, 2021 WL 4704832, at *2 (E.D. Mich. Oct. 8, 2021) ("Guidelines ranges are advisory: one of eight factors that judges must consider.") (citing *United States v. Booker*, 542 U.S. 220, 245 (2000)). Any fact that existed at Defendant's sentencing cannot be an "extraordinary and compelling" reason for a sentence reduction. *See United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021) (citing *United States v. Hunter*, 12 F.4th 555, 571 (6th Cir. 2021)).

For those reasons, the advisory nature of the Guidelines is not extraordinary or compelling.

**iv.**

Defendant's motion also cites various statistics about the COVID-19 conditions and vaccination rates at FCI Gilmer. ECF No. 118 at PageID.631.

Although the Delta variant's rapid spread is alarming, the CDC maintains that the COVID-19 vaccines "are highly effective at preventing severe disease and death, including against the Delta variant." *See Delta Variant: What We Know About the Science*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html [https://perma.cc/C8SK-RJAA]. Indeed, the spread of the Delta variant is not extraordinary or compelling. *See United States v. Bell*, No. 18-20127, 2021 WL 4148251, at *2 (E.D. Mich. Sept. 13, 2021); *United States v. Swarn*, No. 2:14-CR-20599-7, 2021 WL 4077344, at *2 (E.D. Mich. Sept. 8, 2021); *United States v. Proge*, No. 2:12-CR-20052-06, 2021 WL 3857440, at *1 (E.D. Mich. Aug. 30, 2021) ("Nothing about the Delta variant changes the fact that Defendant's 'vaccination status renders his fear of COVID-19 a non-compelling reason to grant him release.'" (quoting *United States v. Wilson*, No. 16-20081, 2021 WL 3417917, at *3 (E.D. Mich. Aug. 5, 2021)). Moreover, the Sixth Circuit Court of Appeals has emphasized that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. Traylor*, No. 21-1565, 2021 WL 5045703, at *1 (6th Cir. Nov. 1, 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

Defendant proffers no reason to depart from that wisdom.

**v.**

Similarly, Defendant's reasons do not support a sentence reduction taken in concert. *United States v. Lemons*, 15 F.4th 747, 747 (6th Cir. 2021) ("[T]he combination of grounds for release,

none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation).

Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction.

## C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- 9 -

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for—

        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

        . . . .

    (5) any pertinent policy statement—

        . . . .

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions.") (internal quotation marks omitted). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted).

The burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction.").

Defendant's case is not compelling. During his September 2015 sentencing, this Court considered various § 3553(a) factors, including the nature of Defendant's offense and his personal circumstances. Defendant does not explain why that analysis was flawed or what, if anything, has changed since his sentencing. Indeed, this Court is unaware of any intervening change in law that

would result in a lower guideline range. Moreover, as the Government notes, six years of Defendant's 188-month sentence remain. *See* ECF No. 119 at PageID.652. And his criminal history is just as serious as it was in September 2015. Defendant ran a mobile meth lab that he drove and operated in residential areas and cooked meth in a microwave in an apartment. ECF No. 119 at PageID.653. Law enforcement found him with dangerous tools and chemicals he used to manufacture methamphetamine (e.g., pipe bombs, firearms, fertilizer spikes, lithium strips from batteries, bottles of liquid acid, 100% lye drain cleaner, and empty packets of pseudoephedrine hydrochloride). *Id.* Moreover, his criminal history includes other drug offenses and violent behavior. *Id.* And his earlier terms of imprisonment did not abate his proclivity for crime.

As indicated, Defendant still presents a danger to society. And his 188-month sentence still reflects the seriousness of his crimes, promotes respect for the law, and provides just punishment. Thus, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today; the § 3553(a) factors do not warrant a reduction.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 118, is **DENIED WITH PREJUDICE**.

Dated: November 9, 2021        s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge